IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Leroy Glenn, ) | C/A No.: 3:12-2682-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Bernard Jones; and Mary Lee Jones ) | |
| Rivers, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently located at the Geo Care Center.[1] Plaintiff alleges that the defendants are illegally possessing his land. Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff filed an incomplete complaint on September 17, 2002, listing Bernard Jones as the sole defendant. [Entry #1 at 1]. Plaintiff alleges that he is trying to obtain possession of forty-seven acres near Farrow Road and also seeks monetary damages. *Id.* at 2. He failed

---

[1] Geo Care is a facility in Columbia, South Carolina, offering correctional and detention management services and medical and mental health rehabilitation services to federal, state and local governmental agencies. *See* http://www.geogroup.com/ (last visited January 11, 2013). It is unclear from the pleading why Plaintiff is living at this facility.

to sign the pleading, *id.* at 4, and submitted a blank, unsigned application to proceed *in forma pauperis*. [Entry #2]. Therefore, the undersigned issued an order on October 11, 2012, directing Plaintiff to bring this case into proper form for initial review. [Entry #7].

Plaintiff partially complied with the order by signing the complaint form and submitting the first page of the pleading. [Entry #1-2; Entry #1-3]. The first page of the complaint listed one additional defendant, Mary Lee Jones Rivers. [Entry #1-2]. Plaintiff also submitted answers to the court's interrogatories pursuant to Local Civil Rule 26.01 (D.S.C.), naming Bernard Jones and Mary Lee Jones Rivers as defendants. [Entry #13]. However, Plaintiff failed to sign the pleading. *Id.* at 2. Plaintiff further completed and submitted an application to proceed *in forma pauperis*, but also failed to sign that document. [Entry #2-2]. Therefore, the undersigned issued a second proper form order on November 29, 2012, directing Plaintiff to sign these pleadings. [Entry #15].

Plaintiff did not submit completed signature pages for his application to proceed *in forma pauperis* or his answers to the court's interrogatories. However, Plaintiff did submit a signed letter to the court, indicating his intent to move forward with this action. [Entry #7]. Therefore, the undersigned finds that Plaintiff has submitted sufficient information to bring this case into proper form for initial review.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to

allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.    Analysis

As an initial matter, the court notes that Plaintiff has previously brought similar claims in this court against these defendants.[2] *See Andres Leroy Glenn v. Mary Jones, et al.*, C/A No. 3:12-1521-CMC-SVH, 2012 WL 3253799 (D.S.C. Aug. 17, 2012) (seeking damages for the alleged illegal possession of land by Bernard Jones, Mary Jones, and other defendants). The court dismissed Plaintiff's prior case for lack of subject matter jurisdiction. The complaint *sub judice* should be summarily dismissed for the same reason. Further, to the extent the present complaint duplicates the claims raised in Plaintiff's prior case against these defendants, it is frivolous and subject to summary dismissal in the interest of judicial economy and efficiency. *See Cottle v. Bell*, C/A No. 00-6367, 2000 WL 1144623, at *1 (4th Cir. Aug. 14, 2000) ("Because district courts are not required to entertain duplicative lawsuits, they may dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1992) ("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party."); *see also Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) ("The

---

[2] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding). *See also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

4

District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time.").

Federal courts are courts of limited jurisdiction "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999), and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *see also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, Fed. R. Civ. P. 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" However, when a complaint fails to include "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley*, 191

F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).  If the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*  Federal court jurisdiction can arise through federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332.  However, the allegations contained in the Plaintiff's complaint do not fall within the scope of either form of this court's limited jurisdiction.

First, the diversity statute requires complete diversity of parties and an amount in controversy in excess of $75,000.  28 U.S.C. § 1332.  Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn. 13–16 (1978). The court has no diversity jurisdiction over this case because, according to Plaintiff's pleadings, it appears that at least one of the defendants is a citizen of South Carolina.  [Entry #1 at 1].

Second, the allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff's allegations do not assert that the defendants have violated a federal statute or constitutional provision, nor is any type of federal question jurisdiction otherwise evident from the face of the pleadings.  Instead, the complaint alleges claims associated with a dispute concerning property ownership, which is a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Killingsworth v. Truluck*, C/A No. 0:10-

6

1823-TLW-PJG, 2010 WL 4638763, at *3 (D.S.C. Sept. 16, 2010) (ownership of personal property a matter of state law); *see also Faulkenberry v. Norfolk Southern Ry. Co.*, 563 S.E.2d 644 (S.C. 2002). In the absence of either diversity or federal question jurisdiction over Plaintiff's claims, this case should be summarily dismissed.

III.    Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 7, 2013                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).